## FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**RODNEY V. SHROCK**
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**ELDEN E. STOOPS, JR.**
North Manchester, Indiana



FILED
Jan 17 2013, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KYLE W. DIXON,                          )
                                        )
    Appellant-Respondent,            )
                                        )
       vs.                        )    No. 34A05-1206-DR-303
                                        )
ARA J. DIXON,                           )
                                        )
    Appellee-Petitioner.             )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Robert R. McCallen, III, Special Judge
Cause No. 34D01-0611-DR-62

**January 17, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Kyle W. Dixon ("Father") appeals the trial court's order granting the notice of intent to relocate filed by Ara J. Dixon ("Mother"). Father raises the following restated issue for our review: whether the trial court abused its discretion in granting Mother's notice of intent to relocate because it did not take into account the effect of the move on the best interests of the children.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The marriage of the parties was dissolved on December 4, 2007, and the decree was entered on June 23, 2008. Mother was granted physical custody of the parties' two children, and Father was granted parenting time. On October 19, 2011, Mother filed a notice of intent to relocate due to her plans to get re-married and move with her new husband to Illinois. Father filed a petition to modify custody and support on October 25, 2011. Hearings were held on these filings on April 17 and May 15, 2012.

At the time that Mother filed her notice of intent to relocate, she was a second grade teacher at Kokomo Center Schools and rented a residence in Kokomo that had been the children's home the majority of the time since the dissolution. One child was in the fourth grade, and the other was in the first grade. Mother's fiancé is a contractual lobbyist for the Illinois General Assembly and has lived in Illinois since the winter of 1998. When Mother filed her notice of relocation, she planned to get married on July 7, 2012; she testified she would marry her fiancé whether or not the trial court approved the relocation, but would not

2

move to Illinois if that meant losing custody. *Tr.* at 107, 121.[1]

Father works as safety director at Beck Hybrids in Atlanta, Indiana. He is re-married and has a son with his new wife. Her two sons from a previous relationship also live with her and Father. Father's extended family lives in central Indiana and gets together frequently. Evidence was presented that Father participated in many activities with the children and attended most of their events because of the flexibility with his work schedule.

Testimony was given that the drive time between Mother's new home in Illinois and Father's home in Indiana was approximately three hours and fifteen minutes. Mother testified that she was willing to continue alternating weekends with Father if her request to relocate was granted. *Id.* at 94. She was also willing to continue her past practice of ensuring the children were in Indiana for holidays so they could spend time with Father and his family. *Id.* at 70, 93. Mother further agreed that she would be willing to accommodate Father for special occasions or extra parenting time when appropriate. *Id.* at 94.

On May 21, 2012, the trial court entered its order granting Mother's request to relocate, which effectively denied Father's motion to modify custody. The trial court specifically found that Mother's desire to relocate was made in good faith and for a legitimate reason and was not done in haste. *Appellant's App.* at 23. It further stated that, because Mother had been the children's primary caretaker since the separation, it was in their best interests to remain in her physical custody. *Id.* Father now appeals.

---

[1] The transcript of the evidence is contained in Volumes II and III. Volume III only contains the final arguments of counsel and is not relevant to the issue. We therefore use *Tr.* to refer to Volume II of the record.

**DISCUSSION AND DECISION**

"Custody modifications are reviewed for an abuse of discretion, with a 'preference for granting latitude and deference to our trial judges in family law matters.'" *Rogers v. Rogers*, 876 N.E.2d 1121, 1126 (Ind. Ct. App. 2007) (quoting *In re Marriage of Richardson,* 622 N.E.2d 178, 178 (Ind. 1993)), *trans. denied.* We will set aside judgments in custody modifications only when they are clearly erroneous, and we will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id.* "On appeal, it is not enough that the evidence might support some other conclusion, but it must positively require the result sought by the appellant before there is a basis for reversal." *Id.* (citing *Kirk v. Kirk,* 770 N.E.2d 304, 307 (Ind. 2002)).

Father argues that the trial court abused its discretion when it granted Mother's request to relocate and denied his motion to modify custody. He specifically contends that the trial court failed to consider the children's interaction and relationships with parents, extended family, friends, and other persons or the children's adjustment to home, school, and community when it made its determination. Father also claims that the trial court failed to consider the hardship of the relocation upon Father's parenting time with the children.

Under Indiana's Relocation Statute, a trial court is confronted with two inquiries. *Id.* at 1128. First, the relocating parent must establish that the relocation is being made in good faith and for a legitimate reason. Ind. Code § 31-17-2.2-5(c). If the relocating parent satisfies that burden, the burden shifts to the non-relocating parent to show that the proposed relocation is not in the best interests of the child. I.C. § 31-17-2.2-5(d). In general, the trial court must consider the financial impact of relocation on the affected parties and the

4

motivation for the relocation in addition to the effects on the child, parents, and others, such as siblings or other persons who may significantly affect the children's best interests, as relevant to every change of custody. *Baxendale v. Raich*, 878 N.E.2d 1252, 1256 (Ind. 2008).

In the present case, Father's argument seems to focus on the second inquiry of whether he proved that the proposed relocation was not in the best interest of the children. The evidence demonstrated that Mother has been the primary caretaker of the children since the parties' separation, and Father had regular visitation. The evidence also showed that Mother was flexible with Father's requests for extra parenting time and changes in the parenting time schedule and was willing to share holidays with Father. *Tr.* at 70-71. It was also shown that, although the travel time between Mother's new home and Father's home was approximately three hours and fifteen minutes, the children would be with Father on alternating weekends, virtually all holidays, and for a substantial part of the summer, just as they had been before the relocation. Even though the relocation will make it difficult for Father to be present at all of the children's school functions and sporting events, the distance is not prohibitive, and Father did not present any expert testimony as to any negative effect that the move would have on the children.

In support of his argument, Father cites to *Green v. Green*, 843 N.E.2d 23 (Ind. Ct. App. 2006), *trans. denied*, where a panel of this court reversed a trial court's order allowing relocation. We find that case to be factually distinguishable from the present case. There, the mother had previously been allowed to relocate to Iowa, but then moved back to Indiana, in part, after deciding that the move had interfered with the relationship between father and

child. *Id*. at 24. The father had 150 overnights a year with the child and spent time with the child on most weekdays, and after the father was granted a reduction in child support to reflect his parenting time, the mother decided to move back to Iowa for a second time. *Id*. This court reversed the trial court's order due to the fact that the trial court ignored relevant factors regarding the relationship between the child and his siblings and other persons who may significantly affect his best interests and the child's adjustment to his home, school and community. *Id*. at 27-28. However, although the children in the present case have a strong relationship with their half-brother and their extended family, as the child in *Green* did, the relocation, here, will not greatly affect these relationships because Father's parenting time will not be significantly reduced as it was in *Green*, where the mother was moving to Iowa, a distance of six-and-a-half hours.

Father argues that the future schedule of his son with his second wife may cause conflicts with his ability to engage in parenting time with his children with Mother and should have precluded the trial court's allowing Mother's relocation to Illinois. Conflicts of schedules are commonplace in mixed families as well as traditional families. Therefore, just because sometime in the future his son's schedule may conflict with trips to Illinois to see the children, this does not seem like a relevant concern at this time.

Further, in determining whether to modify a custody order, the trial court is directed to consider the factors that are set out in Indiana Code section 31–17–2.2–1(b) and are specific to relocation. *Baxendale*, 878 N.E.2d at 1256. These include:

(1)     The distance involved in the proposed change of residence.

6

(2)     The hardship and expense involved for the non-relocating individual to exercise parenting time or grandparent visitation.

(3)     The feasibility of preserving the relationship between the non-relocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4)     Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a non-relocating individual's contact with the child.

(5)     The reasons provided by the:
        (A)     relocating individual for seeking relocation; and
        (B)     non-relocating parent for opposing the relocation of the child.

(6)     Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b). We conclude that the trial court properly considered such factors in making its determination.

As for the distance involved in the proposed change of residence, the trial court noted in its order that, "[h]ad the relocation been farther away, that may have been enough to find otherwise, however, the Court is convinced that the parties can make this work and maximize the time [Father] has with his children." *Appellant's App*. at 23. Concerning the hardship and expense involved for the non-relocating individual to exercise parenting time, the trial court held that Father's child support should be lowered "[t]o such extent that Court believes that [it] is justified given the distance between the parties that will result from the relocation and the likelihood [Father] will incur other expenses in attempting to maintain contact with the children . . . ." *Id*. at 24. As to the feasibility of preserving the relationship between the non-relocating parent and the child through suitable parenting time, the trial court granted Father additional visitation stating, "[Mother] shall insure that the children are in Indiana,

7

near [Father's] home (similar as now) for all holidays. . . . Additionally, Father shall have parenting time for all spring breaks." *Id*. at 23-24. Father was also given parenting time, for the next summer, beginning May 27, 2012 and ending July 6, 2012 and including "fair week." *Id*. at 24. Regarding whether there was an established pattern of conduct by the relocating parent, including actions to either promote or thwart non-relocating parent's contact with children, the trial court noted that Mother's desire to relocate was made in good faith and not in haste and found that Mother was sincere when she stated she would not relocate, if not allowed to move. *Id*. at 23. The record also contained many examples of Mother trying to cooperate and work with Father for the sake of the children. *Tr*. at 56, 61-62, 70, 85. Finally, as to the reasons for the relocating parent seeking relocation and the non-relocating parent opposing the relocation, the trial court referred in its order to Mother's desire to relocate being made in good faith and for a legitimate reason. *Appellant's App*. at 23. Father's primary concern with the relocation was losing parenting time with the children, which was addressed by the grant of extra visitation. We conclude that the trial court did not abuse its discretion in granting Mother's notice of intent to relocate and denying Father's motion to modify custody.

Affirmed.

MATHIAS, J., and CRONE, J., concur.