OPINION
RILEY, Judge.

STATEMENT OF THE CASE

Appellant-Respondent, Geoffrey A. Gilbert (Father), appeals the trial court’s Order approving the relocation request of *318 Appellee-Petitioner, Melinda J. Gilbert (Mother).[1]
We affirm.

ISSUES

Father raises two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court abused its discretion by granting Mother’s petition to relocate from Albion, Indiana to Goshen, Indiana.
Mother raises one issue on cross-appeal, which we restate as the following: Whether Mother is entitled to an award of appellate attorney’s fees because Father filed a frivolous or bad faith appeal.

FACTS AND PROCEDURAL HISTORY

On September 8, 2001, Father and Mother were married and they established their home in Albion, in Noble County. In the course of their nearly eleven-year marriage, Father and Mother had two children (the Children) — a son born in February of 2004, and a daughter born in January of 2007. Father also has two teenage children from a previous marriage. Father works in Goshen for a company that constructs mobile homes. Since January of 2012, Mother, who works from home, has been employed by a company headquartered in Grand Rapids, Michigan that sells food service equipment.
In the spring of 2012, Father and Mother decided to separate, and Father moved out of the marital residence. Four months later, on August 28, 2012, the trial court entered a Decree of Dissolution, which incorporated the Mediated Marital Settlement Agreement reached by Father and Mother. Pursuant to the Settlement Agreement, Father and Mother “agreed that it is in the best interests of [the Children]” for the parents to share joint legal custody and for Mother to have primary physical custody. (Appellant’s App. p. 9). Father agreed to exercise his parenting time with the Children from Friday through Tuesday on alternating weekends, as well as overnight on alternating Mondays. During the Children’s summer scholastic breaks, Father and Mother alternate physical custody on a weekly basis. The Settlement Agreement also provides that Father and Mother may arrange for Father to have parenting time with the Children “[a]t other reasonable times and places.” (Appellant’s App. p. 9). The trial court did not issue an order for child support.
Both parents are actively involved in the Children’s education; they volunteer at school events and chaperone their field trips. The Children participate in a number of different sports and other extracurricular activities. Father coaches their son’s baseball, football, and basketball teams, as well as their daughter’s t-ball team. For several months after the divorce, Father lived only a few miles from Mother’s house, so on the mornings following the Children’s overnight stays, Father drove the Children to Mother’s house where they would board the school bus.
In the fall of 2012, Mother’s then-boyfriend (Fiance) moved to Albion to reside with Mother and the Children. Fiance has a child from a previous marriage who lives in Grand Rapids and spends three weekends each month with Fiance. By the beginning of 2013, Mother and Fiance, who were expecting a baby in the spring, realized they needed more space to aceommo- *319 date their family and began searching for a new home. Finding no suitable houses in Albion, Mother selected a newly constructed, five bedroom house in Goshen approximately thirty miles away. Mother entered into an agreement to sell her Albion residence and into another to purchase the home in Goshen, with both deals contingent upon the trial court’s approval of the move.
On April 3, 2013, Mother filed notice with the trial court, communicating her intent to relocate from Albion to Goshen. On May 2, 2013, Father filed an objection to Mother’s relocation and concurrently filed his Verified Motion for Modification of Custody, Parenting Time, and Child Support, requesting that the trial court award him physical custody. On May 10, 2013, Father filed a motion for the trial court to appoint a guardian ad litem. Concerned that the appointment of a guardian ad litem would unnecessarily delay the hearing, Mother objected, and on May 13, 2013, the trial court denied Father’s request. On June 7, 2013, the trial court conducted an evidentiary hearing on the matters of Mother’s request to relocate and Father’s motion to modify custody. On June 10, 2013, Father filed a motion for the trial court to conduct an in camera interview with their son, who was nine years old at the time. That same day, following Mother’s objection based on Father’s failure to request the interview prior to the close of the evidence, the trial court denied Father’s motion.
The next day, June 11, 2013, the trial court issued its Order approving Mother’s proposed relocation and denying Father’s motion to modify custody. Specifically, the trial court found that “[Mother] has met her burden of proof that her proposed relocation is made in good faith and for a legitimate reason and [Father] has not met his succeeding burden to show that the proposed relocation is not in the best interest of the parties’ [C]hildren.” (Appellant’s App. p. 5). The trial court affirmed its previous orders concerning the custody, support, and parenting time arrangements with the “hope[ ] that the parties will be able [to] continue to co-parent and cooperate with each other as they have to date.” (Appellant’s App. p. 5). On July 11, 2013, Father filed a motion to correct error, contending that the trial court erred in finding that Mother established a legitimate good faith reason for her relocation, which the trial court denied the same day.
Father now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION APPEAL

I. Standard of Review
In this case, the parties did not request, and the trial court did not issue, specific findings of fact or conclusions of law. Accordingly, we review this case under a general judgment standard. L.C. v. T.M., 996 N.E.2d 403, 407 (Ind.Ct.App.2013). Relying on this standard, we will affirm the trial court if its judgment “can be sustained on any legal theory consistent with the evidence.” Id.
The Indiana Supreme Court has articulated an unequivocal policy of “granting latitude and deference to our trial judges in family law matters.” Swadner v. Swadner, 897 N.E.2d 966, 971 (Ind.Ct.App.2008) (quoting In re Marriage of Richardson, 622 N.E.2d 178, 178 (Ind.1993)). “[A]ppel-late courts ‘are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence.’” D.C. v. J.A.C., 977 N.E.2d 951, 956-57 *320 (Ind.2012) (quoting Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind.2002)). It is well-established that there should be finality in matters concerning the custody of a child. Baxendale v. Raich, 878 N.E.2d 1252, 1258 (Ind.2008). Accordingly, on review, “we “will not substitute our own judgment if any evidence or legitimate inferences support the trial court’s judgment.’ ” T.L. v. J.L., 950 N.E.2d 779, 784 (Ind.Ct.App.2011) (quoting Baxendale, 878 N.E.2d at 1257-58), reh’g denied.
II. Relocation
Father claims that the trial court abused its discretion in granting Mother’s request to relocate thirty miles from Albion to Goshen. When a parent whose child is the subject of a custody or parenting time order seeks to relocate, he or she must provide notice to both the trial court and the non-relocating parent of his or her intent to move. Ind.Code §§ 31-17-2.2-1(a); -3(a)(1). Indiana’s Relocation Statute mandates that this notice must provide the non-relocating parent with the relocating parent’s new address and phone number, the intended move date, “the specific reasons for the relocation of the child[,]” a proposed revised parenting time schedule, and information about the non-relocating parent’s ability to object. I.C. § 31-17-2.2-3(a)(2).
If, within sixty days of receiving notice, the non-relocating parent fails to object, the relocating custodial parent is permitted to relocate with the child. I.C. § 31-17-2.2-5(a). However, if the non-relocating parent files a motion to prevent the child’s relocation, the trial court must apply a two-prong test to decide the permissibility of the relocation. First, the relocating parent must prove “that the proposed relocation is made in good faith and for a legitimate reason.” I.C. § 31-17-2.2-5(c). Second, once a good faith basis and a legitimate reason for the relocation have been established, the burden of proof shifts to the non-relocating parent to demonstrate “that the proposed relocation is not in the best interest of the child.” I.C. § 31-17-2.2-5(d).
A. Good Faith and Legitimate Reason
Father first asserts that Mother failed to satisfy her burden of proof that the proposed relocation is in good faith and for a legitimate purpose. The Relocation Statute “requires that a legitimate reason be objectively shown[ ] and[,] by requiring that the relocation be in good faith, demands that the objective reason be more than a mere pretext.” T.L., 950 N.E.2d at 787. In general, our court has found that employment opportunities, financial considerations, and proximity to family are legitimate reasons to justify a relocation. See id. at 787-88. Father contends that, by citing no “economic or familial benefit,” Mother’s proposed relocation is not grounded in a legitimate purpose. (Appellant’s Br. p. 13). While economic and familial considerations are valid bases for relocating, they are certainly not the only legitimate reasons a parent may provide. See H.H. v. A.A., 3 N.E.3d 30 (Ind.Ct.App.2014) (finding mother’s desire “to live and create a family life” with her new husband in Hawaii was a legitimate purpose).
In this case, Mother’s notice of relocation provided that her reason for relocating “is because my family is expanding, and I would like [to] move to a better school district for the best interest of my [C]hildren.” (Appellant’s App. p. 29). At the hearing, Mother testified that she and Fiance were engaged and that they had recently welcomed a baby; thus, a larger home was necessary in order to accommodate all four of their children. Furthermore, because both Mother and Fiance primarily work from home, they needed a house with adequate office space. According to Mother, she began hunting for a *321 new house in Shipshewana “mainly because of the school system. It graded really well.” (Transcript p. 19). However, after Father informed Mother that Ship-shewana’s school system did not have a football team, which would be very important to their son, Mother refocused her search to the Middlebury Community Schools District. Conversely, Father maintains that the relocation to Goshen serves only to move the Children further away from Father and their family in Noble County and increases the distance of Mother’s weekly commutes to Fort Wayne. Additionally, Father posits that “Mother’s stated reason for finding better schools seems mostly an afterthought and not an actual reason for relocation” because Mother initially looked for houses in Albion and she presented no evidence that Middlebury Community Schools are superior to Central Noble Community Schools. (Appellant’s Br. p. 11).
We must reiterate that the trial court is entitled to great deference in this matter, and the trial court considered all of the reasons proffered by Mother to find that she had “a reasonable basis” for moving. (Tr. p. 100). We decline Father’s invitation to reweigh the evidence or assess Mother’s credibility. The record clearly supports the trial court’s conclusion that Mother desired to relocate in good faith. In deciding to purchase a home in Goshen, Mother sought to alleviate Father’s inconvenience: Goshen is only thirty miles from Father’s home in Albion, Father works in Goshen, and Father’s two older children live in Middlebury and attend the same school system that the Children would. Mother testified that she wanted to maintain the same parenting time schedule with Father, and Father agreed that, because he works so close to the Children’s new school, he could still coach their sports teams, participate in school functions, and attend their extracurricular activities. Mother also believed that Goshen was a reasonable choice because it is closer to Grand Rapids, where she travels quarterly for work, and where Fiance travels weekly for work and to pick up his child.
The “good faith and for a legitimate reason” criterion should not “pose[] an inordinately high bar for a relocating parent to meet.” T.L., 950 N.E.2d at 789. As the trial court stated during the hearing, this is not “a situation where somebody is going to be deprived of parenting time[,]” nor is it a scheme by Mother to take the Children away from Father. (Tr. pp. 98-99). Accordingly, we conclude that the trial court properly exercised its discretion in finding that Mother demonstrated a good faith and legitimate reason for moving.
B. Best Interests of the Children
Second, Father asserts that the trial court abused its discretion in determining that the relocation is in the Children’s best interests. It is well-established that “the resolution of relocation disputes ultimately turns on a judicial determination of the best interests of the child.” T.L., 950 N.E.2d at 788.
The Relocation Statute stipulates that the burden is on Father to prove that the relocation is not in the best interests of the Children, which the trial court concluded Father failed to do. I.C. § 31-17-2.2-5(d). The relevant factors the trial court must consider in evaluating the Children’s best interests include:
(1) The age and sex of the child.
(2) The wishes of the child’s parent or parents.
(3) The wishes of the child, with more consideration given to the child’s wishes if the child is at least fourteen (14) years of age.
*322 (4) The interaction and interrelationship of the child with:
(A) the child’s parent or parents;
(B) the child’s sibling[ (s) ]; and
(C) any other person who may significantly affect the child’s best interests.
(5) The child’s adjustment to the child’s:
(A) home;
(B) school; and
(C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian....
I.C. § 31-17-2-8.[2] The trial court must consider each of the statutory factors in making a best interests determination, but it is well within the trial court’s discretion to place greater weight on certain evidence and certain factors. D.C., 977 N.E.2d at 956-57.
Father now claims that the trial court failed to consider the negative impact that the relocation would have on the Children’s relationships with their extended family members, Father’s involvement in the Children’s lives, and the Children’s attachment to their school and community. Specifically, Father argues that, whereas the Children have no family in Goshen, they “regularly associate with” their twenty-one relatives who live in Noble County. (Appellant’s Br. p. 14). Father also expressed concern over his inability to participate in the Children’s activities if they were no longer in Albion. He noted that the Children were accustomed to their routine and being able to ride the school bus together, and that a new school might not be better or provide the same extracurricular opportunities. According to Father, “staying in a life that [the Children] know, that they are comfortable with, that they love is better for them than rolling the dice and seeing what might happen an hour away from here.” (Tr. p. 82).
We find that Father’s arguments are unsupported by the record. Per the trial court’s order, Father will have precisely the same amount of, and the same schedule for, parenting time. Thus, the Children will have the same opportunity during Father’s custodial weekends to interact with his side of the family, and although there is extended family in Noble County, the Children’s half-siblings are closer to Goshen. Albion is only thirty miles away from Goshen; this distance will not prohibit Father’s active involvement in the Children’s lives. See Dixon v. Dixon, 982 N.E.2d 24, 26 (Ind.Ct.App.2013). In fact, Father acknowledged during the hearing that the proximity of his work to the Children’s new school would permit him to attend all of their school and athletic events, and Mother testified that their son had been invited to play on a travel baseball league for which Father had been offered a coaching position. The continuation of Father’s interaction with the Children is undoubtedly important, but it is the best interests of the Children — not *323 Father — that are of the utmost significance.
Regarding the Children’s adjustment to their new school and community, both Father and Mother testified that their daughter is a social butterfly and that their son quickly makes friends through sports. Additionally, while the Children’s Albion home is located out in the country, their new house in Goshen is located in a subdivision with other young children. It is not axiomatic that changes in the Children’s school, community, and daily routine are contrary to their best interests. Rather, it is the Children’s ability to adjust to those changes that determines whether a relocation is appropriate, and Father has presented no evidence that the move will negatively affect the Children. See id.
Father’s final contention is that the trial court failed to consider the wishes of his Children in determining their best interests. Specifically, Father argues that the trial court should have heeded his requests for the appointment of a guardian ad litem or for an in camera interview before rendering its decision. At the time of the evidentiary hearing, the Children were nine and six years old. Thus, while the Children’s wishes are certainly a factor to be considered, the trial court was under no obligation to place a significant value on their preferences because they are under age fourteen. I.C. § 31-17-2-8(3).
In certain circumstances, an in camera interview is a beneficial tool for the trial court, but it is not an “absolute requirement.” In re Paternity of X.A.S. v. S.K., 928 N.E.2d 222, 229 (Ind.Ct.App.2010), trans. denied. Moreover, Father waited until three days after the evidentia-ry hearing to file his request for the interview. All evidence must be presented “during the course of a trial and it is a matter of discretion whether a trial court will permit a party to present additional evidence or testimony ... after the close of all of the evidence.” In re Paternity of Seifert, 605 N.E.2d 1202, 1207 (Ind.Ct.App.1993), trans. denied. By the time Father filed the request for an in camera interview, the trial court was nearly ready to issue its decision; therefore, we do not find the trial court abused its discretion in denying Father’s request. Similarly, the appointment of a guardian ad litem is a matter left to the trial court’s sound discretion. I.C. § 31-17-6-1. Because it is evident that both Father and Mother are committed to protecting the Children’s best interests, we find the trial court did not abuse its discretion in declining to appoint a guardian ad litem.
We further find that there is sufficient evidence of the Children’s wishes in the record. Both Father and Mother testified that they have a close relationship with the Children, and they both strive to ensure the Children are able to participate in the activities they enjoy. Following the divorce, the Children have lived primarily with Mother, who is home during the day, but have also enjoyed having Father as a coach in their various sports. Accordingly, it is reasonable to infer that the Children would desire to maintain their close relationship with both parents. As we previously noted, the amount of time the Children spend with Father was not going to change regardless of whether the trial court approved or denied Mother’s request to relocate. Therefore, we conclude that the trial court did not abuse its discretion in granting Mother’s relocation request because Father failed to prove that it was not in the Children’s best interests.

CROSS-APPEAL

Mother claims that she is entitled to an award of appellate attorney fees because “Father’s appeal is frivolous and in bad faith.” (Appellee’s Br. p. 13). Con *324 tending that Father’s “appeal is an academic exercise only[,]” Mother cites to Father’s failure to present any evidence at trial to rebut Mother’s testimony that the relocation was in the Children’s best interests and that the custody arrangement should be maintained. (Appellee’s Br. p. 14). On the other hand, Father claims that he filed his appeal “in good faith and has laid out legitimate arguments in a clear and concise manner” and that he has complied with “the form and content requirements” of the appellate rules. (Appellant’s Reply Br. p. 4).
Pursuant to Indiana Rule of Appellate Procedure 66(E), our court has discretion to award damages, which may be in the form of attorney fees, “if an appeal ... is frivolous or in bad faith.” Our court has resolved to “assess appellate damages only against an appellant who in bad faith maintains a wholly frivolous appeal” — that is, where the “appeal is permeated with mer-itlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.” Harness v. Parkar, 965 N.E.2d 756 (Ind.Ct.App.2012); Thacker, 797 N.E.2d at 346 (emphasis added). We recognize that, in executing this discretion, we must “use extreme restraint” because there is a “potential chilling effect upon the exercise of the right to appeal.” Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind.Ct.App.2003). The imposition of appellate attorney fees “is not imposed to punish mere lack of merit, but something more egregious.” Manous v. Manousogianakis, 824 N.E.2d 756, 767 (Ind.Ct.App.2005).
Claims for appellate attorney fees are categorized as either “substantive” or “procedural” bad faith claims. Thacker, 797 N.E.2d at 346. A procedural bad faith claim is found where “a party flagrantly disregards” the rules of appellate procedure, omits or misrepresents relevant facts, or attempts to waste the time of the opposing party or the court. Id. at 346-47. Alternatively, a substantive bad faith claim occurs where a party’s “contentions and arguments are utterly devoid of all plausibility.” Id. at 346. Here, Mother does not challenge Father’s adherence to the procedural rules; thus, she has raised a substantive bad faith claim.
We find that Father’s appeal is neither frivolous nor in bad faith. Father presented a detailed argument, supported by citations to case law, challenging the trial court’s determination that Mother’s specified bases for relocating are sufficient to constitute a legitimate purpose. The current case law is sparse in terms of defining what is or is not an acceptable purpose for relocating, so while we ultimately agree with the trial court that Mother had a valid reason to move, we cannot say that it was implausible for Father to argue that Mother failed to tender a sufficiently legitimate reason. Therefore, we decline to award Mother her attorney fees under Appellate Rule 66(E).

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in granting Mother’s request to relocate because she had a good faith and legitimate purpose for relocating, and the move was not contrary to the Children’s best interests. Additionally, we conclude that Mother is not entitled to appellate attorney fees because Father’s appeal is not frivolous or in bad faith.
Affirmed.
BARNES, J. concurs.
ROBB, J. dissents with separate opinion.

. An oral argument was held in this case on February 28, 2014 as part of the Women’s Bench Bar Retreat at the Culver Cove Resort & Conference Center in Culver, Indiana. We thank the Women’s Bench Bar for the invitation and hospitality and the attorneys for their excellent advocacy.

. Father argues that the trial court was obligated to weigh the factors enumerated in Indiana Code section 31-17—2.2—1(b) (Relocation Factors) to determine whether the relocation would be in the Children's best interests. However, we note that this provision explicitly states that the trial court is to consider the Relocation Factors for deciding whether to modify a custody order following a relocation, not in determining whether the relocation itself is permissible. Although the trial court denied Father’s motion to modify custody, Father's sole contention on appeal is that the trial court abused its discretion by granting Mother permission to relocate. Because the issue of the Children’s custody is not before this court, we do not address Father’s arguments concerning the Relocation Factors.