Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2014, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRADLEY KAGE**
North Vernon, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN J. BELDING**
North Vernon, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMARA CRITSER, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 40A01-1308-DR-369 |
| | ) | |
| CHAD L. CRITSER, JR., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE JENNINGS SUPERIOR COURT
The Honorable Gary L. Smith, Judge
Cause No. 40D01-0801-DR-20

**May 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Tamara Critser ("Mother") appeals the trial court's order granting Chad L. Critser's ("Father") petition for modification of custody of the parties' eleven-year-old minor child, P.C. Mother also appeals the trial court's order denying her petition to relocate. She asserts that both orders are clearly erroneous. Finding no clear error, we affirm.

**Facts and Procedural History**

Father and Mother began their relationship in 2001 and subsequently married in July 2007. Also in 2007, Father adopted Wife's daughter, P.C., born April 10, 2002. Father filed a petition for dissolution of marriage on January 28, 2008, and the marriage was dissolved by the trial court in September 2008. The trial court awarded Father and Mother joint legal custody of P.C. with Mother having primary physical custody and Father having visitation pursuant to the Indiana Parenting Time Guidelines. Following the dissolution, Mother lived in Marion, Indiana, and Father lived in Seymour, Indiana. Although P.C. resided with Mother, Father regularly exercised visitation.

On August 6, 2012, Mother filed a notice of intent to relocate to Oak Island, North Carolina. On September 5, 2012, Father filed an objection to the relocation and a petition to modify custody. Mother also filed a petition to modify custody on October 9, 2012. A hearing was held on May 24, 2013, during which, in addition to receiving evidence on all pending matters, the trial judge conducted an in-camera interview with P.C. Thereafter, on June 11, 2013, the trial court issued its findings of fact, conclusions of law, and order

denying Mother's petitions to relocate and to modify custody and granting Father's petition to modify custody. This appeal ensued.

## Discussion and Decision

### Section 1 – Modification of Custody

Mother first argues that the trial court clearly erred in granting Father's petition for custody modification and awarding Father sole legal custody of P.C. Our standard of review is well settled.

> When reviewing a custody modification determination, we give considerable deference to the trial court as it is the trial court that observes the parties' conduct and demeanor and hears their testimonies. We review custody modifications for an abuse of discretion "with a preference for granting latitude and deference to our trial judges in family law matters." We will not reweigh the evidence or judge the credibility of witnesses. Rather, we will reverse the trial court's custody determination based only upon a trial court's abuse of discretion that is "clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom." "[I]t is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal."

*In re Paternity of C.S.*, 964 N.E.2d 879, 883 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*.

Moreover, when the trial court enters special findings of fact and conclusions based on those findings, we apply a two-tiered standard of review. *Id.* We determine whether the evidence supports the findings and whether the findings support the order. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and the reasonable inferences flowing therefrom. *Id.* Our preference for granting latitude and deference to our family-law trial judges is reinforced by

3

the concern for finality in custody matters. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1257-58 (Ind. 2008).

Here, Father petitioned to modify child custody in response to Mother's notice of intent to relocate to Oak Island, North Carolina. In *Baxendale*, our supreme court considered the statutory interplay between Indiana Code Section 31-17-2.2 ("the Relocation Statute") and Indiana Code Section 31-17-2-21 ("the Modification Statute). *Id*. at 1254-57. The *Baxendale* court noted that a trial court's initial award of custody is based upon the best interests of the child and entails consideration of the nonexhaustive list of "all relevant factors" provided in Indiana Code Section 31-17-2-8 ("Best Interest Factors"). *Id*. at 1254-55. Generally, modification of child custody is permitted "only if the modification is in the best interests of the child and there has been a 'substantial change' in one or more of the [Best Interest Factors] as considerations in the initial custody determination." *Id*. at 1255. However, the Relocation Statute "seems to authorize a court to entertain a custody modification in the event of a significant proposed relocation without regard to any change in the [Best Interest Factors]." *Id*. at 1257.

Specifically, the Relocation Statute provides that when a party moves to modify custody in response to the proposed relocation of the other parent, the trial court must take certain factors ("Relocation Factors") into consideration. *See Jarrell v. Jarrell*, No. 42A01-1308-DR-381, 2014 WL 128159 *3 (Ind. Ct. App. Mar. 31, 2014), *pet. for reh'g pending*. Therefore, if "the trial court reviews a request to modify custody *stemming from* a parent's plan to relocate, the court must assess the Relocation Factors, which 'incorporate[] all of the

4

[Best Interest Factors], but add[] some new ones.'" *Id*. at *4 (quoting *Baxendale*, 878 N.E.2d at 1256-57). In contrast to a modification of child custody pursuant to the Modification Statute, a relocation-based modification need not involve a substantial change to one of the original Best Interest Factors. *Id*. (citing *Baxendale*, 878 N.E.2d at 1256-57).

The Relocation Statute provides that when a party moves to modify custody based upon a notice of intent to relocate, the court shall take into consideration:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time …, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b).

The incorporated Best Interest Factors that shall also be considered in granting a relocation-based petition to modify custody include:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

5

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

   (A) the child's parent or parents;

   (B) the child's sibling; and

   (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's;

   (A) home;

   (B) school; and

   (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8.

First, considering the Relocation Factors, the trial court specifically found that the distant relocation of Mother to North Carolina would have a significant and negative impact on Father's relationship with P.C. The court further found that such relocation would cause P.C. to not have significant contact with Mother's family or P.C.'s sixteen-year-old half-sister, C.L. Regarding Mother's claim that she wished to move to North Carolina for employment reasons, the trial court found that Mother does not have any employment

6

secured in North Carolina "other than she may have an opportunity to work for a previous employer she had when she lived in the area in 1999." Appellant's App. at 42. The evidence indicated that Mother has no vehicle, does not have a residence secured in North Carolina, and does not have any family in the area.

Considering the Best Interest Factors, the trial court took into account the fact that P.C.'s half-sister, C.L., had significant problems while residing with Mother and now resides with her biological father and is doing much better. When C.L. resided with Mother, she had failing grades and minimal supervision, there was evidence of drug use in the home, and Mother permitted her to date older men. The trial court indicated its concern that P.C. "will follow the same destructive path if she remains in the care of [Mother]." *Id.* at 46. The record indicates that, unlike Mother, Father and C.L.'s father have a good relationship and are committed to working together to ensure that P.C. and C.L. will continue to have a sibling relationship. The trial court noted that Father's home is located in a good and appropriate neighborhood for P.C. Based upon the aforementioned facts, as well as the trial court's interview with P.C. regarding her wishes, the trial court determined that a custody modification was in P.C.'s best interests and awarded Father sole legal custody of P.C.

Mother does not challenge the trial court's findings or conclusions but rather maintains that the trial court clearly erred in modifying custody because the court failed to specifically find that a "decisive" change in conditions or circumstances had occurred since the original custody determination. Appellant's Br. at 10. Mother also argues that because the trial court denied her request to relocate with P.C., the Relocation Factors are irrelevant in

7

determining P.C.'s best interests. As we have stated, in contrast to a modification of child custody pursuant to the Modification Statute, a relocation-based modification need not involve a substantial change to one of the original Best Interest Factors. *Jarrell*, 2014 WL 128159 at \*4. Moreover, in reviewing a request to modify custody "*stemming from*" a parent's plan to relocate, the trial court is required to assess the Relocation Factors, which incorporate all of the Best Interest Factors and add some new factors. *Id*. The trial court here properly considered the relevant Relocation Factors and the relevant Best Interest Factors and determined that modification was appropriate. Considering the evidence favorable to the judgment and the reasonable inferences flowing therefrom, we cannot say that the trial court's decision was clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom. We affirm the trial court's modification order.

**Section 2 – Relocation Petition**

Mother also asserts that the trial court clearly erred when it denied her relocation petition. Specifically, Mother argues that the evidence does not support the trial court's conclusion that her proposed relocation was not made in good faith and for a legitimate reason. A nonrelocating parent may object to relocation in either of two ways: by filing a motion to modify the custody order or by filing, within sixty days of receipt of the notice, a motion to prevent relocation of the child pursuant to the Relocation Statute. *See Baxendale*, 878 N.E.2d at 1256 n.5; Ind. Code § 31-17-2.2-5(a). We note that Father filed both. "The relocating individual has the burden of proof that the proposed relocation is made in good

8

faith and for a legitimate reason." Ind. Code § 31-17-2.2-5(c). If the relocating parent meets that burden, "the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child." Ind. Code § 31-17-2.2-5(d).

In concluding that Mother failed to demonstrate that her desire to relocate to North Carolina was made in good faith and for a legitimate reason, the trial court specifically found that: (1) Mother wishes to move to North Carolina for employment reasons; (2) Mother currently is not employed nor does she have any employment secured upon her arrival in North Carolina; (3) Mother does not have a vehicle; (4) Mother does not have a residence secured in North Carolina; and (5) Mother does not have any family in North Carolina. Appellant's App. at 30. Mother does not challenge these findings but claims that the evidence also indicated that she desired to move P.C. to a better area, and therefore her request to move to North Carolina was made in good faith and for a legitimate reason.

In the relocation context, this Court has observed that "it is common in our society that people move to live near family members, for financial reasons, or to obtain or maintain employment." *T.L. v. J.L.*, 950 N.E.2d 779, 787-88 (Ind. Ct. App. 2011). We have inferred that these and similar reasons "are what the legislature intended in requiring that relocation be for 'legitimate' and 'good faith' reasons." *Id*. at 788. While economic and familial considerations may not be the only legitimate reasons a parent may provide for relocating, s*ee, e.g.*, *Gilbert v. Gilbert*, No. 57A03-1308-DR-312, 2014 WL 1509213 (Apr. 17, 2014) (divided panel affirmed trial court's conclusion that mother's desire to move to a bigger house in a better school district was a legitimate relocation reason), the trial court here was

9

understandably unconvinced that Mother's request for such a distant relocation to North Carolina was made in good faith and for the legitimate purpose of simply moving P.C. to a better area. We decline Mother's invitation to reweigh the evidence and reassess her credibility on this issue.

Moreover, regardless of whether Mother's proposed relocation was made in good faith and for a legitimate reason, the resolution of a relocation request ultimately turns on a judicial determination regarding the best interests of the child involved. *T.L.*, 950 N.E.2d at 788. In addition to its findings that Mother failed to demonstrate that she had any secure plans to provide for her own or P.C.'s needs in North Carolina, the trial court found that the distant relocation to North Carolina would have a significant and negative impact on P.C.'s relationship and strong bond with Father. The trial court also found that such a move would prevent P.C. from having contact with Mother's family, including P.C.'s half-sister, C.L., who would remain in Indiana with her father. These findings are supported by the evidence. Because the evidence supports a determination that relocation to North Carolina was not in P.C.'s best interests, we cannot say that the trial court clearly erred in denying Mother's petition to relocate.

Affirmed.

BAKER, J., and BARNES, J., concur.